# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ENEDINA SOTO, individually and d/b/a VALLARTA BAR, <br><br> Defendants. | CASE NO. 10CV885-LAB (CAB) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES** |

J&J Sports owned the pay-per-view rights for a boxing match between Manny Pacquiao and Ricky Hatton that was televised on May 2, 2009. It alleges that Defendants showed this match without paying for it in violation of the Communications Act of 1934, 47 U.S.C. 605, *et. seq.*, the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. 553, *et seq.*, and the California Business and Professions Code Section 17200. The Defendants deny these allegations and, in addition, raise seventeen affirmative defenses. Now before the Court is Plaintiff's Motion to Strike Defendant's Affirmative Defenses. J&J Sports also seeks sanctions.

**I.     Motion to Strike Affirmative Defenses**

   **A.     Legal Standard**

Rule 12(f) of the Federal Rules of Civil Procedures provides that the Court "may strike from a pleading an insufficient defense of any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Affirmative defenses "deny plaintiff's right to recover, even if the allegations of the complaint are true." *Fed. Deposit Ins. Corp. V. Main Hurdman*, 655 F.Supp. 259, 262 (E.D. Cal. 1987). A statement that denies plaintiff's prima facie case is not an affirmative defense but rather a denial of liability in the first instance.

1  Properly pleaded affirmative defenses must "give plaintiff fair notice of the defense."
2  *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  Each of Defendants'
3  affirmative defenses is either unnecessary because it duplicates the Defendants' general
4  denials or insufficient because it does not place J&J Sports on notice about the facts
5  supporting the defense.

6  **B.    Analysis**

7  Defendants first assert that "Plaintiff's claims are barred by the applicable statutes of
8  limitations."  (Answer at 3.)  The statute of limitations for claims arising under 47 U.S.C. §
9  605 is one year.  *DirectTV v. Webb*, 545 F.3d 837, 847-48 (9th Cir. 2008).  The statute of
10 limitations for claims under 47 U.S.C. § 553 is either two or three years.  *Compare Nat'l*
11 *Satellite Sports, Inc. v. Time Warner Ent. Co.*, 255 F.Supp.2d 307, 314 (S.D.N.Y. 2003)
12 (setting a three-year statute of limitations) *with DirectTV v. Johnson*, No. 03-C-8504, 2004
13 WL 2011392 at *3 (N.D.Ill. Sept. 3, 2004) (setting a two-year statute of limitations).  The
14 statute of limitations for J&J Sports' conversion claim is three years, Cal. Code Civ. Proc. §
15 338(c), and the statute of limitations for violations of the California Business and Professions
16 Code is four years.  Cal. Bus. & Prof. Code § 17208.  Because J&J Sports filed the
17 complaint within one year of the alleged harm, all claims are timely.  Thus, Defendants' first
18 defense is stricken without leave to amend.

19 Defendants' second, third, fourth, fifth, seventh, and eighth defenses each merely
20 deny part of J&J Sports' prima facie case.  None are affirmative defenses, and are therefore
21 stricken without leave to amend.  Defendants' answer adequately preserves any arguments
22 they seek to make regarding the prima facie case.

23 In the sixth, ninth, tenth, eleventh, and twelfth defenses, Defendants allege that J&J
24 Sports' conduct somehow justified the Defendants' actions.  Defendants do not specify what
25 J&J Sports did or did not do and it is difficult to imagine what the questionable conduct could
26 be.  Nonetheless, Defendants may possibly show that J&J Sports made some promise or
27 acted in some way that permits Defendants to avoid or lessen liability.  Thus, the sixth, ninth,
28 tenth, eleventh, and twelfth defenses are stricken with leave to amend.  The Court cautions

Defendants that any amended answer must put forth sufficient legal defenses supported by specific factual allegations. Defendants' current pleadings fail to place J&J Sports on notice about the affirmative defenses at issue and Defendants should not waste the Court's or Plaintiff's time responding to further bare-bones allegations.

The thirteenth defense, regarding the Statute of Frauds, is stricken without leave to amend because the Plaintiff has not alleged a contract violation. Similarly, the fourteenth defense is stricken without leave to amend because J&J Sports had no duty to mitigate damages allegedly caused by Defendants' unlicensed showing of a boxing match. J&J Sports does not allege a continuing harm and Defendants do not state how J&J Sports could mitigate the harm of Defendants' alleged conduct.

The fifteenth defense is also stricken without leave to amend. Defendants assert that a third-party or J&J Sports caused the alleged damages and damages "should be apportioned according to their respective degrees of fault." *(Answer at 5.)* This recites the standard for comparative fault, which is an affirmative defense in tort actions. *Restatement (Third) of Torts: Apportionment of Liability* § 7 ("Plaintiff's negligence . . . that is a legal cause of an indivisible injury to the plaintiff reduces the plaintiff's recovery in proportion to the share of responsibility the factfinder assigns to the plaintiff. . . ."). J&J Sports has not alleged a negligence violation, thus the comparative fault affirmative defense is inapplicable.

The sixteenth defense merely seeks to "reserve all defense to be set forth in amended pleadings . . . pending investigation and discovery." (Answer at 5.)  The Court understands the Defendants' desire to preserve all possible arguments, but this desire does not amount to a defense. The mere fact that Defendant wishes to reserve all defenses does not excuse Defendant from liability. Thus, the sixteenth defense is stricken without leave to amend.

Finally, the seventeenth defense is stricken without leave to amend. A mistake of law does not excuse a person from civil liability. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605, 1611 (2010) (citing *Barlow v. U.S.*, 32 U.S. 404, 433 (1833)). Thus, even if Defendants can show they did not know they were violating the law, their liability is not excused.

## II.     Sanctions under 28 U.S.C. § 1927

J&J Sports seeks sanctions against Defendants for asserting "wholly inappropriate, immaterial, and impertinent affirmative defenses." (*Motion to Strike* at 14.) The Court may impose sanctions against anyone "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. The Court declines to impose sanctions and reminds the parties that the pleadings stage of litigation is designed to place all parties on notice and to focus the issues. The Defendants' filing may have contained some irrelevant defenses, but it was not vexatious and does not warrant sanctions. Of course, the Court expects that any future amended answer will contain more focused defenses and more specific facts.

**IT IS SO ORDERED**.

DATED:  September 27, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge